1  AMY W. SCHULMAN
   DLA PIPER LLP
2  1251 Avenue of the Americas
   New York, NY 10020
3  Telephone: (212) 335-4500
   Facsimile: (212) 335-4501
4  amy.schulman@dlapiper.com

5  STUART M. GORDON (SBN: 037477)
   GORDON & REES LLP
6  Embarcadero Center West
   275 Battery Street, Suite 2000
7  San Francisco, CA 94111
   Telephone: (415) 986-5900
8  Facsimile: (415) 986-8054
   sgordon@gordonrees.com

9
   MICHAEL C. ZELLERS (SBN: 146904)
10 TUCKER ELLIS & WEST LLP
   515 South Flower Street, Suite 4200
11 Los Angeles, CA 90071-2223
   Telephone: (213) 430-3400
12 Facsimile: (213) 430-3409
   michael.zellers@tuckerellis.com
13
   Attorneys for Defendants
14 PFIZER INC., PHARMACIA CORPORATION,
   AND G.D. SEARLE LLC
15
                    UNITED STATES DISTRICT COURT
16
                  NORTHERN DISTRICT OF CALIFORNIA
17
                     SAN FRANCISCO DIVISION
18

19 IN RE BEXTRA AND CELEBREX            )  MDL Docket No. 1699
   MARKETING, SALES PRACTICES AND       )
20 PRODUCTS LIABILITY LITIGATION        )  CASE NO. 3:07-cv-4743-CRB
   _____      )
21 *This document relates to*           )
                                        )  **PFIZER INC., PHARMACIA**
22 HOMER SWIFT and CATHERINE SWIFT,     )  **CORPORATION, AND G.D.**
                                        )  **SEARLE LLC'S ANSWER TO**
                       Plaintiffs,      )  **COMPLAINT**
23                                      )
                                        )  **JURY DEMAND ENDORSED**
24            vs.                       )  **HEREIN**
                                        )
25 PFIZER, INC., PHARMACIA CORPORATION, )
   and G.D. SEARLE LLC,                 )
26                                      )
                       Defendants.      )
27 _____      )

28

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1     NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiffs' Complaint as

2     "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation ("Pharmacia"), and G.D. Searle LLC

3     (improperly captioned in Plaintiffs' Complaint as "G.D. Searle LLC (f/k/a Seabee & Co.)")

4     ("Searle"), (collectively "Defendants") and file this Answer to Plaintiffs' Complaint

5     ("Complaint"), and would respectfully show the Court as follows:

6     **I.**

7     **PRELIMINARY STATEMENT**

8     The Complaint does not state in sufficient detail when Plaintiff was prescribed or used

9     Celebrex® (celecoxib) ("Celebrex®").   Accordingly, this Answer can only be drafted

10    generally.  Defendants may seek leave to amend this Answer when discovery reveals the

11    specific time periods in which Plaintiff was prescribed and used Celebrex®.

12    **II.**

13    **ANSWER**

14    Answering the unnumbered paragraph preceding Paragraph 1 of the Complaint,

15    Defendants admit that Plaintiffs brought this civil action seeking monetary damages, but deny

16    that Plaintiffs are entitled to any relief or damages.  Defendants admit that, during certain

17    periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United

18    States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

19    accordance with their approval by the FDA.  Defendants admit that, during certain periods of

20    time, Celebrex® was manufactured and packaged for Searle, which developed, tested,

21    marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by

22    healthcare providers who are by law authorized to prescribe drugs in accordance with their

23    approval by the FDA.  Defendants state that Celebrex® was and is safe and effective when used

24    in accordance with its FDA-approved prescribing information.  Defendants state that the

25    potential effects of Celebrex® were and are adequately described in its FDA-approved

26    prescribing information, which was at all times adequate and comported with applicable

27    standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® caused

28    Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1    Complaint.

2                    **Response to Allegations Regarding Parties**

3    1.    Defendants are without knowledge or information sufficient to form a belief as to the

4    truth of the allegations in this paragraph of the Complaint regarding Plaintiffs' age, citizenship,

5    and marital status, and, therefore, deny the same.  Defendants deny the remaining allegations in

6    this paragraph of the Complaint.

7    2.    Defendants admit that Pfizer is a Delaware corporation with its principal place of

8    business in New York.  Defendants admit that, as the result of a merger in April 2003,

9    Pharmacia became a subsidiary of Pfizer.  Defendants state that the allegations in this paragraph

10   of the Complaint regarding "predecessors in interest" are vague and ambiguous.  Defendants

11   are without knowledge or information sufficient to form a belief as to the truth of such

12   allegations, and, therefore, deny the same.  Defendants admit that, during certain periods of

13   time, Pfizer marketed and co-promoted Celebrex® in the United States, including Wisconsin, to

14   be prescribed by healthcare providers who are by law authorized to prescribe drugs in

15   accordance with their approval by the FDA.  Defendants deny the remaining allegations in this

16   paragraph of the Complaint.

17   3.    Defendants admit that Searle is a Delaware limited liability company with its principal

18   place of business in Illinois.  Defendants admit that Pharmacia acquired Searle in 2000 and that,

19   as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.

20   Defendants admit that, during certain periods of time, Celebrex® was manufactured and

21   packaged for Searle, which developed, tested, marketed, co-promoted and distributed

22   Celebrex® in the United States to be prescribed by healthcare providers who are by law

23   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny

24   the remaining allegations in this paragraph of the Complaint.

25   4.    Defendants admit that Pharmacia is a Delaware corporation with its principal place of

26   business in New Jersey.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as

27   the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.

28   Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1    Celebrex® in the United States, including Wisconsin and California, to be prescribed by

2    healthcare providers who are by law authorized to prescribe drugs in accordance with their

3    approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the

4    Complaint.

5    5.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

6    and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

7    are by law authorized to prescribe drugs in accordance with their approval by the FDA.

8    Defendants admit that, during certain periods of time, Celebrex® was manufactured and

9    packaged for Searle, which developed, tested, marketed, co-promoted and distributed

10   Celebrex® in the United States to be prescribed by healthcare providers who are by law

11   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

12   that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle

13   and Pharmacia became subsidiaries of Pfizer.  Defendants deny the remaining allegations in this

14   paragraph of the Complaint.

15   6.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

16   and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

17   are by law authorized to prescribe drugs in accordance with their approval by the FDA.

18   Defendants admit that, during certain periods of time, Celebrex® was manufactured and

19   packaged for Searle, which developed, tested, marketed, co-promoted and distributed

20   Celebrex® in the United States to be prescribed by healthcare providers who are by law

21   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state

22   that Celebrex® was and is safe and effective when used in accordance with its FDA-approved

23   prescribing information.  Defendants state that the potential effects of Celebrex® were and are

24   adequately described in its FDA-approved prescribing information, which was at all times

25   adequate and comported with applicable standards of care and law.  Defendants deny any

26   wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

27   7.    Defendants state that the allegations in this paragraph of the Complaint regarding

28   "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1  information sufficient to form a belief as to the truth of such allegations, and, therefore, deny

2  the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

3  <u>**Response to Allegations Regarding Jurisdiction and Venue**</u>

4  8.     Defendants are without knowledge or information to form a belief as to the truth of the

5  allegations in this paragraph of the Complaint regarding Plaintiffs' citizenship and the amount

6  in controversy, and, therefore, deny the same. However, Defendants admit that Plaintiffs claim

7  that the parties are diverse and the amount in controversy exceeds $75,000, exclusive of

8  interests and costs.

9  9.     Defendants are without knowledge or information to form a belief as to the truth of the

10  allegations in this paragraph of the Complaint regarding the judicial district in which the

11  asserted claims allegedly arose and, therefore, deny the same. Defendants state that Celebrex®

12  was and is safe and effective when used in accordance with its FDA-approved prescribing

13  information. Defendants deny committing a tort in the State of Wisconsin or the State of

14  California and deny the remaining allegations in this paragraph of the Complaint.

15  10.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

16  and co-promoted Celebrex® in the United States, including Wisconsin and California, to be

17  prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

18  with their approval by the FDA. Defendants admit that, during certain periods of time,

19  Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-

20  promoted and distributed Celebrex® in the United States to be prescribed by healthcare

21  providers who are by law authorized to prescribe drugs in accordance with their approval by the

22  FDA. Defendants admit that Pfizer, Pharmacia, and Searle are registered to and do business in

23  the States of Wisconsin and California. Defendants state that the allegations in this paragraph

24  of the Complaint regarding "predecessors in interest" are vague and ambiguous. Defendants

25  are without knowledge or information sufficient to form a belief as to the truth of such

26  allegations, and, therefore, deny the same. Defendants deny committing a tort in the State of

27  Wisconsin or the State of California and deny the remaining allegations in this paragraph of the

28  Complaint.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Response to Allegations Regarding Interdistrict Assignment**

11.     Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac. and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial Panel on Multidistrict Litigation on September 6, 2005.

**Response to Factual Allegations**

12.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

13.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's medical condition or whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny that Celebrex® caused Plaintiffs injury or damage and deny the remaining allegations in this paragraph of the Complaint.

14.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage and deny the remaining allegations in this

paragraph of the Complaint.

15.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.    Defendants state that, in the ordinary case, Celebrex® was expected to reach users and consumers without substantial change from the time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

16.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

17.     Defendants state that the allegations in this paragraph of the Complaint regarding aspirin, naproxen, and ibuprofen are not directed toward Defendants, and, therefore, no response is required.  Defendants admit that Celebrex® is in a class of drugs that are, at times, referred to as being non-steroidal anti-inflammatory drugs ("NSAIDs").  Defendants deny the remaining allegations in this paragraph of the Complaint.

18.     Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

19.     Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

2    20.    Defendants state that the allegations in this paragraph of the Complaint are not directed

3    towards Defendants and, therefore, no response is required.  To the extent that a response is

4    deemed required, Defendants state that Plaintiffs fail to provide the proper context for the

5    allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information

6    or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

7    21.    Plaintiffs' Complaint omits Paragraph Number 21.

8    22.    Defendants state that the allegations in this paragraph of the Complaint regarding "other

9    pharmaceutical companies" are not directed towards Defendants and, therefore, no response is

10   required.  To the extent a response is deemed required, Defendants state that, as stated in the

11   FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to

12   be due to inhibition of prostaglandin synthesis, primarily via inhibition of cyclooxygenase-2

13   (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the

14   cyclooxygenase-1 (COX-1) isoenzyme."  Plaintiffs fail to provide the proper context for the

15   remaining allegations in this paragraph and Defendants therefore lack sufficient information or

16   knowledge to form a belief as to the truth of the allegations and, therefore, deny the remaining

17   allegations in this paragraph of the Complaint.

18   23.    Defendants state that the allegations in this paragraph of the Complaint regarding

19   "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

20   information sufficient to form a belief as to the truth of such allegations, and, therefore, deny

21   the same.  Defendants state that, as stated in the FDA-approved labeling for Celebrex®, "[t]he

22   mechanism of action of Celebrex is believed to be due to inhibition of prostaglandin synthesis,

23   primarily via inhibition of cyclooxygenase-2 (COX-2), and at therapeutic concentrations in

24   humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) isoenzyme."  Defendants

25   state that Celebrex® was and is safe and effective when used in accordance with its FDA-

26   approved prescribing information.  Defendants state that the potential effects of Celebrex®

27   were and are adequately described in its FDA-approved prescribing information, which was at

28   all times adequate and comported with applicable standards of care and law.  Defendants deny

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

2    24.    Defendants admit that Searle submitted a New Drug Application ("NDA") for

3    Celebrex® on June 29, 1998.  Defendants admit that, on December 31, 1998, the FDA granted

4    approval of Celebrex® for the following indications: (1) for relief of the signs and symptoms of

5    osteoarthritis; and (2) for relief of the signs and symptoms of rheumatoid arthritis in adults.

6    Defendants admit that, on December 23, 1999, the FDA granted approval of Celebrex® to

7    reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis

8    ("FAP") as an adjunct to usual care (e.g. endoscopic surveillance surgery).  Defendants deny

9    the remaining allegations in this paragraph of the Complaint.

10    25.    Defendants admit that Celebrex® was launched in February 1999.  Defendants admit

11    that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted

12    Celebrex® in the United States to be prescribed by healthcare providers who are by law

13    authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

14    that, during certain periods of time, Celebrex® was manufactured and packaged for Searle,

15    which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States

16    to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

17    accordance with their approval by the FDA.  Defendants state that Celebrex® was and is safe

18    and effective when used in accordance with its FDA-approved prescribing information.

19    Defendants state that the potential effects of Celebrex® were and are adequately described in its

20    FDA-approved prescribing information, which was at all times adequate and comported with

21    applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

22    remaining allegations in this paragraph of the Complaint.

23    26.    Defendants state that the referenced article speaks for itself and respectfully refer the

24    Court to the article for its actual language and text.  Any attempt to characterize the article is

25    denied.  Defendants state that Celebrex® was and is safe and effective when used in accordance

26    with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

27    this paragraph of the Complaint.

28    27.    Defendants state that the referenced article speaks for itself and respectfully refer the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   Court to the article for its actual language and text.  Any attempt to characterize the article is

2   denied.  Defendants state that Celebrex® was and is safe and effective when used in accordance

3   with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

4   this paragraph of the Complaint.

5   28.      Defendants state that the referenced FDA Update speaks for itself and respectfully refer

6   the Court to the FDA Update for its actual language and text.  Any attempt to characterize the

7   FDA Update is denied.  Defendants state that Celebrex® was and is safe and effective when

8   used in accordance with its FDA-approved prescribing information.  Defendants state that the

9   potential effects of Celebrex® were and are adequately described in its FDA-approved

10  prescribing information, which was at all times adequate and comported with applicable

11  standards of care and law.  Defendants deny the remaining allegations in this paragraph of the

12  Complaint.

13  29.      Defendants state that Celebrex® was and is safe and effective when used in accordance

14  with its FDA-approved prescribing information.  Defendants state that the potential effects of

15  Celebrex® were and are adequately described in its FDA-approved prescribing information,

16  which was at all times adequate and comported with applicable standards of care and law.

17  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

18  the Complaint.

19  30.      Defendants admit that a supplemental NDA for Celebrex® was submitted to the FDA

20  on June 12, 2000.  Defendants assert that the submission speaks for itself and any attempt to

21  characterize it is denied.  Defendants admit that a Medical Officer Review dated September 20,

22  2000, was completed by the FDA.  Defendants state that the referenced study speaks for itself

23  and respectfully refer the Court to the study for its actual language and text.  Any attempt to

24  characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of

25  the Complaint.

26  31.      Defendants state that the referenced article speaks for itself and respectfully refer the

27  Court to the article for its actual language and text.  Any attempt to characterize the article is

28  denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

32.     Plaintiffs' Complaint omits Paragraph Number 32.

33.     Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

34.     Defendants state that the Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any attempt to characterize the Medical Officer Review is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

35.     Defendants state that the transcripts of the FDA Arthritis Drugs Advisory Committee hearings speak for themselves and respectfully refer the Court to the transcripts for their actual language and text.  Any attempt to characterize the transcripts is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

36.     Defendants state that the referenced articles speak for themselves and respectfully refer the Court to the articles for their actual language and text.  Any attempt to characterize the articles is denied.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

37.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

38.     Defendants state that the referenced articles speak for themselves and respectfully refer the Court to the articles for their actual language and text.  Any attempt to characterize the articles is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

39.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

denied. Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

40.    Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text. Any attempt to characterize the Medical Officer Review is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

41.    Plaintiffs fail to provide the proper context for the allegations concerning "Public Citizen" in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

42.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

43.    Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Plaintiffs fail to provide the proper context for the allegations concerning "Public Citizen" in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

44.    Defendants admit that there was a clinical trial called APC. Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

45.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Plaintiffs fail to provide the proper context for the allegations concerning "Data Safety

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Monitoring Board" in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

46.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

47.    Defendants state that the referenced Alert for Healthcare Professionals speaks for itself and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language and text. Any attempt to characterize the Alert for Healthcare Professionals is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

48.    Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text. Any attempt to characterize the Medical Officer Review is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

49.    Defendants admit that there was a clinical trial called PreSAP. Plaintiffs fail to provide the proper context for the allegations concerning "other Celebrex trials" contained in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. As for the allegations in this paragraph of the Complaint regarding the PreSAP study, Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

50.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

51.    Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  allegations and, therefore, deny the same. Defendants state that the referenced studies speak for

2  themselves and respectfully refer the Court to the studies for their actual language and text.

3  Any attempt to characterize the studies is denied. Defendants deny the remaining allegations in

4  this paragraph of the Complaint.

5  52.      Defendants state that the referenced Medical Officer Review speaks for itself and

6  respectfully refer the Court to the Medical Officer Review for its actual language and text. Any

7  attempt to characterize the Medical Officer Review is denied. Defendants deny the remaining

8  allegations in this paragraph of the Complaint.

9  53.      Defendants state that allegations regarding Vioxx® in this paragraph of the Complaint

10  are not directed toward Defendants, and therefore no response is required. To the extent that a

11  response is deemed required, Plaintiffs fail to provide the proper context for the allegations in

12  this paragraph of the Complaint regarding Vioxx® in this paragraph of the Complaint.

13  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of

14  such allegations and, therefore, deny the same. Defendants state that the referenced study

15  speaks for itself and respectfully refer the Court to the study for its actual language and text.

16  Any attempt to characterize the study is denied. Defendants deny the remaining allegations in

17  this paragraph of the Complaint.

18  54.      Defendants state that allegations regarding Merck and Vioxx® in this paragraph of the

19  Complaint are not directed toward Defendants, and therefore no response is required. To the

20  extent that a response is deemed required, Plaintiffs fail to provide the proper context for the

21  allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph

22  of the Complaint. Defendants therefore lack sufficient information or knowledge to form a

23  belief as to the truth of such allegations and, therefore, deny the same. Defendants state that the

24  referenced study speaks for itself and respectfully refer the Court to the study for its actual

25  language and text. Any attempt to characterize the study is denied. Defendants deny the

26  remaining allegations in this paragraph of the Complaint.

27  55.      Defendants state that allegations regarding Merck and Vioxx® in this paragraph of the

28  Complaint are not directed toward Defendants, and therefore no response is required. To the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    extent that a response is deemed required, Plaintiffs fail to provide the proper context for the

2    allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph

3    of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a

4    belief as to the truth of such allegations and, therefore, deny the same.  Defendants state that the

5    referenced study speaks for itself and respectfully refer the Court to the study for its actual

6    language and text.  Any attempt to characterize the study is denied.  Defendants state that the

7    referenced article speaks for itself and respectfully refer the Court to the article for its actual

8    language and text.  Any attempt to characterize the article is denied.  Defendants deny the

9    remaining allegations in this paragraph of the Complaint.

10    56.    Defendants state that Celebrex® was and is safe and effective when used in accordance

11    with its FDA-approved prescribing information.  Defendants deny the allegations in this

12    paragraph of the Complaint.

13    57.    Defendants state that the referenced article speaks for itself and respectfully refer the

14    Court to the article for its actual language and text.  Any attempt to characterize the article is

15    denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

16    58.    Defendants state that allegations in this paragraph of the Complaint are not directed

17    toward Defendants, and therefore no response is required.  To the extent that a response is

18    deemed required, Defendants state that the referenced article speaks for itself and respectfully

19    refer the Court to the article for its actual language and text.  Any attempt to characterize the

20    article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

21    59.    Defendants deny the allegations in this paragraph of the Complaint.

22    60.    Defendants state that Celebrex® was and is safe and effective when used in accordance

23    with its FDA-approved prescribing information.  Defendants state that the potential effects of

24    Celebrex® were and are adequately described in its FDA-approved prescribing information,

25    which was at all times adequate and comported with applicable standards of care and law.

26    Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

27    remaining allegations contained in this paragraph of the Complaint.

28    61.    Defendants deny any wrongful conduct and deny the allegations contained in this

paragraph of the Complaint.

62.     Defendants deny any wrongful conduct and deny the allegations contained in this paragraph of the Complaint.

63.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations contained in this paragraph of the Complaint.

64.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® is unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

65.     Defendants admit that the FDA Division of Drug Marketing, Advertising, and Communications ("DDMAC") sent letters to Searle dated October 6, 1999, April 6, 2000, and November 14, 2000.  Defendants state that the referenced letters speak for themselves and respectfully refer the Court to the letters for their actual language and text.  Any attempt to characterize the letters is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

66.     Defendants admit that the DDMAC sent a letter to Pharmacia dated February 1, 2001. Defendants state that the referenced letter speaks for itself and respectfully refer the Court to the letter for its actual language and text.  Any attempt to characterize the letter is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

67.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

68.     Defendants admit that the DDMAC sent a letter to Pfizer dated January 10, 2005. Defendants state that the referenced letter speaks for itself and respectfully refer the Court to the letter for its actual language and text.  Any attempt to characterize the letter is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

69.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

70.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Celebrex® is a prescription medication which is approved by the FDA for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age and older. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

71.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the allegations in this paragraph of the Complaint.

72.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

73.      Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

74.      Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

75.      Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

76.      Defendants deny the allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   77.     Defendants state that Celebrex® was and is safe and effective when used in accordance

2   with its FDA-approved prescribing information.  Defendants state that the potential effects of

3   Celebrex® were and are adequately described in its FDA-approved prescribing information,

4   which was at all times adequate and comported with applicable standards of care and law.

5   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

6   the Complaint.

7   78.     Defendants state that Celebrex® was and is safe and effective when used in accordance

8   with its FDA-approved prescribing information.  Defendants state that the potential effects of

9   Celebrex® were and are adequately described in its FDA-approved prescribing information,

10  which was at all times adequate and comported with applicable standards of care and law.

11  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

12  the Complaint.

13  79.     Defendants are without knowledge or information sufficient to form a belief as to the

14  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

15  Celebrex® and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that

16  Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this

17  paragraph of the Complaint.

18  80.     Defendants state that Celebrex® was and is safe and effective when used in accordance

19  with its FDA-approved prescribing information.  Defendants state that the potential effects of

20  Celebrex® were and are adequately described in its FDA-approved prescribing information,

21  which was at all times adequate and comported with applicable standards of care and law.

22  Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

23  remaining allegations in this paragraph of the Complaint.

24  81.     Defendants state that Celebrex® was and is safe and effective when used in accordance

25  with its FDA-approved prescribing information.  Defendants state that the potential effects of

26  Celebrex® are and were adequately described in its FDA-approved prescribing information,

27  which was at all times adequate and comported with applicable standards of care and law.

28  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

-20-
ANSWER TO COMPLAINT – 3:07-cv-4743-CRB

1    the Complaint.

2    82.    Defendants state that Celebrex® was and is safe and effective when used in accordance

3    with its FDA-approved prescribing information.  Defendants state that the potential effects of

4    Celebrex® are and were adequately described in its FDA-approved prescribing information,

5    which was at all times adequate and comported with applicable standards of care and law.

6    Defendants state that the referenced study speaks for itself and respectfully refer the Court to

7    the study for its actual language and text.  Any attempt to characterize the study is denied.

8    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

9    the Complaint.

10   83.    Defendants deny any wrongful conduct and deny the remaining allegations in this

11   paragraph of the Complaint.

12   84.    Defendants are without knowledge or information sufficient to form a belief as to the

13   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

14   Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

15   effective when used in accordance with its FDA-approved prescribing information.  Defendants

16   state that the potential effects of Celebrex® are and were adequately described in its FDA-

17   approved prescribing information, which was at all times adequate and comported with

18   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

19   remaining allegations in this paragraph of the Complaint.

20   **Response to First Cause of Action: Negligence**

21   85.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

22   Complaint as if fully set forth herein.

23   86.    Defendants state that this paragraph of the Complaint contains legal contentions to

24   which no response is required.  To the extent that a response is deemed required, Defendants

25   admit that they had duties as are imposed by law but deny having breached such duties.

26   Defendants state that Celebrex® was and is safe and effective when used in accordance with its

27   FDA-approved prescribing information.  Defendants state that the potential effects of

28   Celebrex® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    which was at all times adequate and comported with applicable standards of care and law.

2    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

3    the Complaint.

4    87.    Defendants state that this paragraph of the Complaint contains legal contentions to

5    which no response is required.  To the extent that a response is deemed required, Defendants

6    admit that they had duties as are imposed by law but deny having breached such duties.

7    Defendants state that Celebrex® was and is safe and effective when used in accordance with its

8    FDA-approved prescribing information.    Defendants state that the potential effects of

9    Celebrex® were and are adequately described in its FDA-approved prescribing information,

10   which was at all times adequate and comported with applicable standards of care and law.

11   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

12   the Complaint.

13   88.    Defendants are without knowledge or information sufficient to form a belief as to the

14   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

15   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

16   effective when used in accordance with its FDA-approved prescribing information.  Defendants

17   state that the potential effects of Celebrex® were and are adequately described in its FDA-

18   approved prescribing information, which was at all times adequate and comported with

19   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

20   remaining allegations in this paragraph of the Complaint, including all subparts.

21   89.    Defendants are without knowledge or information sufficient to form a belief as to the

22   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

23   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

24   effective when used in accordance with its FDA-approved prescribing information.  Defendants

25   state that the potential effects of Celebrex® were and are adequately described in its FDA-

26   approved prescribing information, which was at all times adequate and comported with

27   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

28   remaining allegations in this paragraph of the Complaint.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

90.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

91.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

92.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's medical conditions and whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

93.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

94.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

95.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

### Response to Second Cause of Action: Strict Liability

96.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

1    Complaint as if fully set forth herein.

2    97.    Defendants are without knowledge or information sufficient to form a belief as to the

3    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

4    Celebrex®, and, therefore, deny the same.  Defendants admit that, during certain periods of

5    time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be

6    prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

7    with their approval by the FDA.    Defendants admit that, during certain periods of time,

8    Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-

9    promoted and distributed Celebrex® in the United States to be prescribed by healthcare

10    providers who are by law authorized to prescribe drugs in accordance with their approval by the

11    FDA.  Defendants state that, in the ordinary case, Celebrex® was expected to reach users and

12    consumers without substantial change from the time of sale.  Defendants deny the remaining

13    allegations in this paragraph of the Complaint.

14    98.    Defendants state that Celebrex® was and is safe and effective when used in accordance

15    with its FDA-approved prescribing information.  Defendants state that the potential effects of

16    Celebrex® were and are adequately described in its FDA-approved prescribing information,

17    which was at all times adequate and comported with applicable standards of care and law.

18    Defendants deny the remaining allegations in this paragraph of the Complaint.

19    99.    Defendants state that Celebrex® was and is safe and effective when used in accordance

20    with its FDA-approved prescribing information.  Defendants state that the potential effects of

21    Celebrex® were and are adequately described in its FDA-approved prescribing information,

22    which was at all times adequate and comported with applicable standards of care and law.

23    Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the

24    remaining allegations in this paragraph of the Complaint.

25    100.    Defendants state that Celebrex® was and is safe and effective when used in accordance

26    with its FDA-approved prescribing information.  Defendants state that the potential effects of

27    Celebrex® were and are adequately described in its FDA-approved prescribing information,

28    which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the

2    remaining allegations in this paragraph of the Complaint, including all subparts.

3    101.    Defendants are without knowledge or information sufficient to form a belief as to the

4    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

5    Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

6    effective when used in accordance with its FDA-approved prescribing information.  Defendants

7    state that the potential effects of Celebrex® were and are adequately described in its FDA-

8    approved prescribing information, which was at all times adequate and comported with

9    applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

10   Celebrex® is defective, deny that Celebrex® caused Plaintiffs injury or damage, and deny the

11   remaining allegations in this paragraph of the Complaint.

12   102.    Defendants state that Celebrex® was and is safe and effective when used in accordance

13   with its FDA-approved prescribing information.  Defendants state that the potential effects of

14   Celebrex® were and are adequately described in its FDA-approved prescribing information,

15   which was at all times adequate and comported with applicable standards of care and law.

16   Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

17   remaining allegations in this paragraph of the Complaint.

18   103.    Defendants are without knowledge or information sufficient to form a belief as to the

19   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

20   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

21   effective when used in accordance with its FDA-approved prescribing information.  Defendants

22   state that the potential effects of Celebrex® were and are adequately described in its FDA-

23   approved prescribing information, which was at all times adequate and comported with

24   applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

25   Celebrex® is defective, deny that Celebrex® caused Plaintiffs injury or damage, and deny the

26   remaining allegations in this paragraph of the Complaint.

27   104.    Defendants state that Celebrex® was and is safe and effective when used in accordance

28   with its FDA-approved prescribing information.  Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  Celebrex® were and are adequately described in its FDA-approved prescribing information,

2  which was at all times adequate and comported with applicable standards of care and law.

3  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

4  the Complaint.

5  105.    Defendants are without knowledge or information sufficient to form a belief as to the

6  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

7  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

8  effective when used in accordance with its FDA-approved prescribing information.  Defendants

9  state that the potential effects of Celebrex® were and are adequately described in its FDA-

10  approved prescribing information, which was at all times adequate and comported with

11  applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

12  Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this

13  paragraph of the Complaint.

14  106.    Defendants state that Celebrex® was and is safe and effective when used in accordance

15  with its FDA-approved prescribing information.  Defendants state that the potential effects of

16  Celebrex® were and are adequately described in its FDA-approved prescribing information,

17  which was at all times adequate and comported with applicable standards of care and law.

18  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

19  the Complaint.

20  107.    Defendants are without knowledge or information sufficient to form a belief as to the

21  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

22  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

23  effective when used in accordance with its FDA-approved prescribing information.  Defendants

24  state that the potential effects of Celebrex® were and are adequately described in its FDA-

25  approved prescribing information, which was at all times adequate and comported with

26  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

27  remaining allegations in this paragraph of the Complaint.

28  108.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    damage, and deny the remaining allegations in this paragraph of the Complaint.

2    109.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

3    damage, and deny the remaining allegations in this paragraph of the Complaint.

4    110.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

5    damage, and deny the remaining allegations in this paragraph of the Complaint.

6    111.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

7    damage, and deny the remaining allegations in this paragraph of the Complaint.

8    **Response to Third Cause of Action: Breach of Express Warranty**

9    112.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

10    Complaint as if fully set forth herein.

11    113.    Defendants are without knowledge or information sufficient to form a belief as to the

12    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

13    Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

14    effective when used in accordance with its FDA-approved prescribing information.  Defendants

15    state that the potential effects of Celebrex® were and are adequately described in its FDA-

16    approved prescribing information, which was at all times adequate and comported with

17    applicable standards of care and law.  Defendants admit that they provided FDA-approved

18    prescribing information regarding Celebrex®.  Defendants deny the remaining allegations in

19    this paragraph of the Complaint.

20    114.    Defendants are without knowledge or information sufficient to form a belief as to the

21    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

22    Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

23    effective when used in accordance with its FDA-approved prescribing information.  Defendants

24    state that the potential effects of Celebrex® were and are adequately described in its FDA-

25    approved prescribing information, which was at all times adequate and comported with

26    applicable standards of care and law.  Defendants admit that they provided FDA-approved

27    prescribing information regarding Celebrex®.  Defendants deny any wrongful conduct and

28    deny the remaining allegations in this paragraph of the Complaint, including all subparts.

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

115.   Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

116.   Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

117.   Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

118.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

119.   Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

120.   Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

121.   Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   122.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

2   damage, and deny the remaining allegations in this paragraph of the Complaint.

3                  **Response to Fourth Cause of Action: Breach of Implied Warranty**

4   123.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

5   Complaint as if fully set forth herein.

6   124.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

7   and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

8   are by law authorized to prescribe drugs in accordance with their approval by the FDA.

9   Defendants admit that, during certain periods of time, Celebrex® was manufactured and

10  packaged for Searle, which developed, tested, marketed, co-promoted and distributed

11  Celebrex® in the United States to be prescribed by healthcare providers who are by law

12  authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny

13  the remaining allegations in this paragraph of the Complaint.

14  125.    Defendants state that Celebrex® was and is safe and effective when used in accordance

15  with its FDA-approved prescribing information.  Defendants state that the potential effects of

16  Celebrex® were and are adequately described in its FDA-approved prescribing information,

17  which was at all times adequate and comported with applicable standards of care and law.

18  Defendants admit that they provided FDA-approved prescribing information regarding

19  Celebrex®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

20  126.    Defendants state that Celebrex® was and is safe and effective when used in accordance

21  with its FDA-approved prescribing information.  Defendants state that the potential effects of

22  Celebrex® were and are adequately described in its FDA-approved prescribing information,

23  which was at all times adequate and comported with applicable standards of care and law.

24  Defendants deny the remaining allegations in this paragraph of the Complaint.

25  127.    Defendants state that this paragraph of the Complaint contains legal contentions to

26  which no response is required.  To the extent that a response is deemed required, Defendants

27  state that Celebrex® was and is safe and effective when used in accordance with its FDA-

28  approved prescribing information.  Defendants state that the potential effects of Celebrex®

1    were and are adequately described in its FDA-approved prescribing information, which was at

2    all times adequate and comported with applicable standards of care and law.  Defendants deny

3    any wrongful conduct, deny that they breached any warranty, and deny the remaining

4    allegations in this paragraph of the Complaint.

5    128.    Defendants are without knowledge or information sufficient to form a belief as to the

6    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

7    Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® is a prescription

8    medication which is approved by the FDA for the following indications: (1) for relief of the

9    signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid

10   arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of

11   primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps in familial

12   adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic surveillance

13   surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for relief of the

14   signs and symptoms of juvenile rheumatoid arthritis in patients two years of age and older.

15   Defendants deny the remaining allegations in this paragraph of the Complaint.

16   129.    Defendants are without knowledge or information sufficient to form a belief as to the

17   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

18   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

19   effective when used in accordance with its FDA-approved prescribing information.  Defendants

20   state that the potential effects of Celebrex® were and are adequately described in its FDA-

21   approved prescribing information, which was at all times adequate and comported with

22   applicable standards of care and law.  Defendants admit that they provided FDA-approved

23   prescribing information regarding Celebrex®.  Defendants deny the remaining allegations in

24   this paragraph of the Complaint.

25   130.    Defendants are without knowledge or information sufficient to form a belief as to the

26   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

27   Celebrex® and, therefore, deny the same.  Defendants state that, in the ordinary case,

28   Celebrex® was expected to reach users and consumers without substantial change from the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  time of sale. Defendants deny the remaining allegations in this paragraph of the Complaint.

2  131.    Defendants are without knowledge or information sufficient to form a belief as to the

3  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

4  Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and

5  effective when used in accordance with its FDA-approved prescribing information. Defendants

6  state that the potential effects of Celebrex® were and are adequately described in its FDA-

7  approved prescribing information, which was at all times adequate and comported with

8  applicable standards of care and law. Defendants deny any wrongful conduct, deny that they

9  breached any warranty, and deny the remaining allegations in this paragraph of the Complaint.

10  132.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

11  damage, and deny the remaining allegations in this paragraph of the Complaint.

12  133.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

13  damage, and deny the remaining allegations in this paragraph of the Complaint.

14  134.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

15  damage, and deny the remaining allegations in this paragraph of the Complaint.

16  135.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

17  damage, and deny the remaining allegations in this paragraph of the Complaint.

18  **Response to Fifth Cause of Action: Fraudulent Misrepresentation and Concealment**

19  136.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

20  Complaint as if fully set forth herein.

21  137.    Defendants state that this paragraph of the Complaint contains legal contentions to

22  which no response is required. To the extent that a response is deemed required, Defendants

23  admit that they had duties as are imposed by law but deny having breached such duties.

24  Defendants state that Celebrex® was and is safe and effective when used in accordance with its

25  FDA-approved prescribing information. Defendants state that the potential effects of

26  Celebrex® were and are adequately described in its FDA-approved prescribing information,

27  which was at all times adequate and comported with applicable standards of care and law.

28  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

*Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111*

1  the Complaint.

2  138.    Defendants state that Celebrex® was and is safe and effective when used in accordance

3  with its FDA-approved prescribing information.  Defendants state that the potential effects of

4  Celebrex® were and are adequately described in its FDA-approved prescribing information,

5  which was at all times adequate and comported with applicable standards of care and law.

6  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

7  the Complaint, including all subparts.

8  139.    Defendants state that Celebrex® was and is safe and effective when used in accordance

9  with its FDA-approved prescribing information.  Defendants state that the potential effects of

10 Celebrex® were and are adequately described in its FDA-approved prescribing information,

11 which was at all times adequate and comported with applicable standards of care and law.

12 Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

13 the Complaint.

14 140.    Defendants are without knowledge or information sufficient to form a belief as to the

15 truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

16 Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

17 effective when used in accordance with its FDA-approved prescribing information.  Defendants

18 state that the potential effects of Celebrex® were and are adequately described in its FDA-

19 approved prescribing information, which was at all times adequate and comported with

20 applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

21 Celebrex® is defective or unreasonably dangerous, and deny the remaining allegations in this

22 paragraph of the Complaint.

23 141.    Defendants state that Celebrex® was and is safe and effective when used in accordance

24 with its FDA-approved prescribing information.  Defendants state that the potential effects of

25 Celebrex® were and are adequately described in its FDA-approved prescribing information,

26 which was at all times adequate and comported with applicable standards of care and law.

27 Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

28 the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

142.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

143.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

144.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

145.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  state that the potential effects of Celebrex® were and are adequately described in its FDA-
2  approved prescribing information, which was at all times adequate and comported with
3  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the
4  remaining allegations in this paragraph of the Complaint.

5  146.    Defendants are without knowledge or information sufficient to form a belief as to the
6  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used
7  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and
8  effective when used in accordance with its FDA-approved prescribing information.  Defendants
9  state that the potential effects of Celebrex® were and are adequately described in its FDA-
10  approved prescribing information, which was at all times adequate and comported with
11  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the
12  remaining allegations in this paragraph of the Complaint.

13  147.    Defendants are without knowledge or information sufficient to form a belief as to the
14  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used
15  Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and
16  effective when used in accordance with its FDA-approved prescribing information.  Defendants
17  state that the potential effects of Celebrex® were and are adequately described in its FDA-
18  approved prescribing information, which was at all times adequate and comported with
19  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the
20  remaining allegations in this paragraph of the Complaint.

21  148.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or
22  damage, and deny the remaining allegations in this paragraph of the Complaint.

23  149.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or
24  damage, and deny the remaining allegations in this paragraph of the Complaint.

25  150.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or
26  damage, and deny the remaining allegations in this paragraph of the Complaint.

27  151.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or
28  damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Sixth Cause of Action: Unjust Enrichment**

152.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

153.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

154.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

155.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

156.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

157.    Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

158.   Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Seventh Cause of Action:**

**State Consumer Fraud and Deceptive Trade Practices Act**

158.   Answering the second Paragraph 158 of this Complaint, Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

159.   Plaintiffs' Complaint omits Paragraph Number 159.

160.   Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants deny the remaining allegations in this paragraph of the Complaint.

161.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

162.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the

ANSWER TO COMPLAINT – 3:07-cv-4743-CRB

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

163.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

164.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

165.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

166.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

167.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

168.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

169.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    damage, and deny the remaining allegations in this paragraph of the Complaint.

2    170.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

3    damage, and deny the remaining allegations in this paragraph of the Complaint.

4    171.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

5    damage, and deny the remaining allegations in this paragraph of the Complaint.

6                          **Response to Prayer For Relief**

7          Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs injury or

8    damage, and deny the remaining allegations in paragraph of the Complaint headed "Prayer for

9    Relief," including all subparts.

10                                   **III.**

11                          **GENERAL DENIAL**

12          Defendants deny all allegations and/or legal conclusions set forth in Plaintiffs'

13    Complaint that have not been previously admitted, denied, or explained.

14                                   **IV.**

15                      **AFFIRMATIVE DEFENSES**

16          Defendants reserve the right to rely upon any of the following or additional defenses to

17    claims asserted by Plaintiffs to the extent that such defenses are supported by information

18    developed through discovery or evidence at trial.  Defendants affirmatively show that:

19                          **First Defense**

20    1.    The Complaint fails to state a claim upon which relief can be granted.

21                          **Second Defense**

22    2.    Celebrex® is a prescription medical product.  The federal government has preempted

23    the field of law applicable to the labeling and warning of prescription medical products.

24    Defendants' labeling and warning of Celebrex® was at all times in compliance with applicable

25    federal law.  Plaintiffs' causes of action against Defendants, therefore, fail to state a claim upon

26    which relief can be granted; such claims, if allowed, would conflict with applicable federal law

27    and violate the Supremacy Clause of the United States Constitution.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Third Defense**

3.    At all relevant times, Defendants provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

**Fourth Defense**

4.    At all relevant times, Defendants' warnings and instructions with respect to the use of Celebrex® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

**Fifth Defense**

5.    Plaintiffs' action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

**Sixth Defense**

6.    Plaintiffs' action is barred by the statute of repose.

**Seventh Defense**

7.    Plaintiffs' claims against Defendants are barred to the extent Plaintiffs were contributorily negligent, actively negligent or otherwise failed to mitigate their damages, and any recovery by Plaintiffs should be diminished accordingly.

**Eighth Defense**

8.    The proximate cause of the loss complained of by Plaintiffs is not due to any acts or omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not liable in any way.

**Ninth Defense**

9.    The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendants cannot be liable.

**Tenth Defense**

10.    Any injuries or expenses incurred by Plaintiffs were not caused by Celebrex®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

of God.

**Eleventh Defense**

11.    Defendants affirmatively deny that they violated any duty owed to Plaintiffs.

**Twelfth Defense**

12.    A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product. Celebrex® is a prescription medical product, available only on the order of a licensed physician. Celebrex® provided an adequate warning to Plaintiff's treating and prescribing physicians.

**Thirteenth Defense**

13.    The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

**Fourteenth Defense**

14.    Celebrex® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Celebrex® at the time of the occurrence of the injuries alleged by Plaintiffs were legally adequate for its approved usages.

**Fifteenth Defense**

15.    Plaintiffs' causes of action are barred in whole or in part by the lack of a defect as the Celebrex® allegedly ingested by Plaintiff was prepared in accordance with the applicable standard of care.

**Sixteenth Defense**

16.    Plaintiffs' alleged injuries/damages, if any, were the result of misuse or abnormal use of the product Celebrex® after the product left the control of Defendants and any liability of Defendants is therefore barred.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

**Seventeenth Defense**

2    17.    Plaintiffs' alleged damages were not caused by any failure to warn on the part of

3    Defendants.

4

**Eighteenth Defense**

5    18.    Plaintiffs' alleged injuries/damages, if any, were the result of preexisting or subsequent

6    conditions unrelated to Celebrex®.

7

**Nineteenth Defense**

8    19.    Plaintiffs knew or should have known of any risk associated with Celebrex®; therefore,

9    the doctrine of assumption of the risk bars or diminishes any recovery.

10

**Twentieth Defense**

11    20.    Plaintiffs are barred from recovering against Defendants because Plaintiffs' claims are

12    preempted in accordance with the Supremacy Clause of the United States Constitution and by

13    the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

14

**Twenty-first Defense**

15    21.    Plaintiffs' claims are barred in whole or in part under the applicable state law because

16    the subject pharmaceutical product at issue was subject to and received pre-market approval by

17    the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

18

**Twenty-second Defense**

19    22.    The manufacture, distribution and sale of the pharmaceutical product referred to in

20    Plaintiffs' Complaint were at all times in compliance with all federal regulations and statutes,

21    and Plaintiffs' causes of action are preempted.

22

**Twenty-third Defense**

23    23.    Plaintiffs' claims are barred in whole or in part by the deference given to the primary

24    jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at

25    issue under applicable federal laws, regulations, and rules.

26

**Twenty-fourth Defense**

27    24.    Plaintiffs' claims are barred in whole or in part because there is no private right of

28    action concerning matters regulated by the Food and Drug Administration under applicable

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  federal laws, regulations, and rules.

2  **Twenty-fifth Defense**

3  25.    Plaintiffs' claims are barred in whole or in part because Defendants provided adequate

4  "direction or warnings" as to the use of the subject pharmaceutical product within the meaning

5  of Comment j to Section 402A of the Restatement (Second) of Torts.

6  **Twenty-sixth Defense**

7  26.    Plaintiffs' claims are barred or limited to a product liability failure to warn claim

8  because Celebrex® is a prescription pharmaceutical drug and falls within the ambit of

9  Restatement (Second) of Torts § 402A, Comment k.

10  **Twenty-seventh Defense**

11  27.    Plaintiffs' claims are barred in whole or in part because the subject pharmaceutical

12  product at issue "provides net benefits for a class of patients" within the meaning of Comment f

13  to § 6 of the Restatement (Third) of Torts: Products Liability.

14  **Twenty-eighth Defense**

15  28.    Plaintiffs' claims are barred under § 4, et seq., of the Restatement (Third) of Torts:

16  Products Liability.

17  **Twenty-ninth Defense**

18  29.    To the extent that Plaintiffs are seeking punitive damages, Plaintiffs have failed to plead

19  facts sufficient under the law to justify an award of punitive damages.

20  **Thirtieth Defense**

21  30.    Defendants affirmatively aver that the imposition of punitive damages in this case

22  would violate Defendants' rights to procedural due process under both the Fourteenth

23  Amendment of the United States Constitution and the Constitutions of the States of Wisconsin

24  and California, and would additionally violate Defendants' rights to substantive due process

25  under the Fourteenth Amendment of the United States Constitution.

26  **Thirty-first Defense**

27  31.    Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Fifth and

28  Fourteenth Amendments to the United States Constitution.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Thirty-second Defense**

32.    The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

**Thirty-third Defense**

33.    Plaintiffs' punitive damage claims are preempted by federal law.

**Thirty-fourth Defense**

34.    In the event that reliance was placed upon Defendants' nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendants.

**Thirty-fifth Defense**

35.    Plaintiffs failed to provide Defendants with timely notice of any alleged nonconformance to any express representation.

**Thirty-sixth Defense**

36.    To the extent that Plaintiffs' claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

**Thirty-seventh Defense**

37.    Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

**Thirty-eighth Defense**

38.    To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitutions of the States of Wisconsin and California.  Any law,

1    statute, or other authority purporting to permit the recovery of punitive damages in this case is

2    unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks

3    constitutionally sufficient standards to guide and restrain the jury's discretion in determining

4    whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that

5    it failed to provide adequate advance notice as to what conduct will result in punitive damages;

6    (3) permits recovery of punitive damages based on out-of-state conduct, conduct that complied

7    with applicable law, or conduct that was not directed, or did not proximately cause harm, to

8    Plaintiffs; (4) permits recovery of punitive damages in an amount that is not both reasonable

9    and proportionate to the amount of harm, if any, to Plaintiffs and to the amount of

10   compensatory damages, if any; (5) permits jury consideration of net worth or other financial

11   information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied

12   by the trial court in post-verdict review of any punitive damages awards; (7) lacks

13   constitutionally sufficient standards for appellate review of punitive damages awards; and (8)

14   otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific*

15   *Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1, 111 (1991), *TXO Production Corp. v. Alliance*

16   *Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559

17   (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### Thirty-ninth Defense

18

19   39.    The methods, standards, and techniques utilized with respect to the manufacture, design,

20   and marketing of Celebrex®, if any, used in this case, included adequate warnings and

21   instructions with respect to the product's use in the package insert and other literature, and

22   conformed to the generally recognized, reasonably available, and reliable state of the

23   knowledge at the time the product was marketed.

### Fortieth Defense

24

25   40.    The claims asserted in the Complaint are barred because Celebrex® was designed,

26   tested, manufactured and labeled in accordance with the state-of-the-art industry standards

27   existing at the time of the sale.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Forty-first Defense**

41.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendants and over whom Defendants had no control and for whom Defendants may not be held accountable.

**Forty-second Defense**

42.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

**Forty-third Defense**

43.    Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

**Forty-fourth Defense**

44.    Plaintiffs' claims are barred because Plaintiffs' injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiffs, and were independent of or far removed from Defendants' conduct.

**Forty-fifth Defense**

45.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® did not proximately cause injuries or damages to Plaintiffs.

**Forty-sixth Defense**

46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs did not incur any ascertainable loss as a result of Defendants' conduct.

**Forty-seventh Defense**

47.    The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and

any agency thereof.

### Forty-eighth Defense

48.    The claims must be dismissed because Plaintiff would have taken Celebrex® even if the product labeling contained the information that Plaintiffs contend should have been provided.

### Forty-ninth Defense

49.    The claims asserted in the Complaint are barred because the utility of Celebrex® outweighed its risks.

### Fiftieth Defense

50.    Plaintiffs' damages, if any, are barred or limited by the payments received from collateral sources.

### Fifty-first Defense

51.    Defendants' liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if any, are determined.    Defendants seek an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiffs.

### Fifty-second Defense

52.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

### Fifty-third Defense

53.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiffs' claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Celebrex®.    Accordingly, Plaintiffs' claims are preempted by the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the

2   United States.

3                                   **Fifty-fourth Defense**

4   54.    Plaintiffs' misrepresentation allegations are not stated with the degree of particularity

5   required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

6                                   **Fifty-fifth Defense**

7   55.    Defendants state on information and belief that the Complaint and each purported cause

8   of action contained therein is barred by the statutes of limitations contained in California Code

9   of Civil Procedure §§ 335.1 and 338 and former § 340(3), and such other statutes of limitation

10  as may apply.

11                                  **Fifty-sixth Defense**

12  56.    Defendants state on information and belief that any injuries, losses, or damages suffered

13  by Plaintiffs were proximately caused, in whole or in part, by the negligence or other actionable

14  conduct of persons or entities other than Defendants.  Therefore, Plaintiffs' recovery against

15  Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

16                                  **Fifty-seventh Defense**

17  57.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of

18  Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil

19  Code § 3294, and, therefore, any award of punitive damages is barred.  Any claim for punitive

20  damages is also barred under California Civil Code § 3294(b).

21                                  **Fifty-eighth Defense**

22  58.    Defendants reserve the right to supplement their assertion of defenses as they continue

23  with their factual investigation of Plaintiffs' claims.

24                                          **V.**

25                                        **PRAYER**

26  WHEREFORE, Defendants pray for judgment as follows:

27  1.     That Plaintiffs take nothing from Defendants by reason of the Complaint;

28  2.     That the Complaint be dismissed;

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

3.    That Defendants be awarded their costs for this lawsuit;

4.    That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiffs' alleged injuries, losses or damages is attributable to each person;

5.    That any judgment for damages against Defendants in favor of Plaintiffs be no greater than an amount which equals their proportionate share, if any, of the total fault or other liability which proximately caused Plaintiffs' injuries and damages; and

6.    That Defendants have such other and further relief as the Court deems appropriate.

January 10, 2008                    GORDON & REES LLP


                                    By: _____/s/_____

                                    Stuart M. Gordon
                                    sgordon@gordonrees.com
                                    Embarcadero Center West
                                    275 Battery Street, 20th Floor
                                    San Francisco, CA 94111
                                    Telephone: (415) 986-5900
                                    Fax: (415) 986-8054


January 10, 2008                    TUCKER ELLIS & WEST LLP


                                    By: _____/s/_____

                                    Michael C. Zellers
                                    michael.zellers@tuckerellis.com
                                    515 South Flower Street, Suite 4200
                                    Los Angeles, CA 90071
                                    Telephone: (213) 430-3400
                                    Fax: (213) 430-3409

                                    Attorneys for Defendants
                                    PFIZER INC, PHARMACIA
                                    CORPORATION, and G.D. SEARLE
                                    LLC

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

## JURY DEMAND

2      Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC hereby demand a

3  trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil

4  Procedure.

5  January 10, 2008                                GORDON & REES LLP

6

7                                                   By: _____/s/_____

8                                                      Stuart M. Gordon
9                                                      sgordon@gordonrees.com
                                                       Embarcadero Center West
10                                                     275 Battery Street, 20th Floor
                                                       San Francisco, CA  94111
11                                                     Telephone:  (415) 986-5900
                                                       Fax:  (415) 986-8054

12

13 January 10, 2008                                TUCKER ELLIS & WEST LLP

14

15                                                  By: _____/s/_____

16                                                     Michael C. Zellers
                                                       michael.zellers@tuckerellis.com
17                                                     515 South Flower Street, Suite 4200
                                                       Los Angeles, CA 90071
18                                                     Telephone:  (213) 430-3400
                                                       Fax:  (213) 430-3409

19                                                     Attorneys for Defendants
20                                                     PFIZER INC, PHARMACIA
                                                       CORPORATION, and G.D. SEARLE
21                                                     LLC

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111